IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 75,463






EX PARTE ROBERTO SANCHEZ, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 1992CRA30-D3 IN THE 341ST JUDICIAL DISTRICT COURT
OF WEBB COUNTY





 Per curiam. Keller, P.J., and Keasler, Hervey, and Cochran, J.J., would deny.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of burglary of a habitation, and punishment was assessed at forty-five
years' confinement. No direct appeal was taken.

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
conducted an evidentiary hearing and entered findings of fact and conclusions of law, but did
not make a recommendation on those findings. Based on the testimony at the evidentiary
hearing and the findings of the trial court, we find that Applicant is entitled to an out-of-time
appeal. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires appointed counsel to "represent
the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted,
or the attorney is relieved of his duties or replaced by other counsel". The duty to perfect an
appeal attaches whether counsel is appointed or retained. See Ex parte Axel, 757 S.W.2d 369
(Tex. Crim. App. 1988). Knowing that Applicant wanted to appeal, counsel had the duty to
timely file a motion for new trial or give timely notice of appeal, unless relieved by the trial
court or replaced by other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number 1992CRA30-D3 from the 341st District Court of Webb
County. The proper remedy in a case such as this is to return Applicant to the point at which
he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all
time limits shall be calculated as if the conviction had been entered on the day that the
mandate of this Court issues. We hold that Applicant, should he desire to prosecute an
appeal, must take affirmative steps to see that notice of appeal is given within thirty days
after the mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: JUNE 28, 2006